**IT IS ORDERED as set forth below:**



**Date: December 11, 2019**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **In Re:** | **CASE NO. 19-21614-JRS** |
| **LIFE AMBULANCE SERVICES, INC.,** | **CHAPTER 11** |
| Debtor. | |

**ORDER GRANTING
DEBTOR'S MOTION FOR AUTHORITY TO SELL VEHICLES
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

This matter came before the Court on December 5, 2019 for hearing (the "**Hearing**") on the Motion of the Debtor for Authority to Sell Vehicles Pursuant to Section 363 of the Bankruptcy Code (the "**Motion**"). Upon consideration of the Motion, representations of counsel at the Hearing, and all other matters of record; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case

and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record at the Hearing, the Motion is GRANTED as set forth herein.[1]

2. The Debtor is authorized, but not directed, to sell any and all of the Unencumbered Vehicles to one or more buyers for fair market value.

3. The Debtor is authorized, but not directed, to sell any and all of the Financed Vehicles to one or more buyers for fair market value, subject to the following provisions:

    a. **AF Vehicle Collateral**. The Debtor is authorized, but not directed, to sell that certain 2017 Ford Transit 250 2700 Ambulance which was financed by Advantage Funding Commercial Capital Corp. ("**Advantage Funding**"), VIN # 1FDYR2CM5HKA02700 (the "**AF Vehicle Collateral**") to one or more buyers for no less than the minimum release price of $42,000 in net sale proceeds (the "**AF Minimum Release Price**"), or as may be otherwise consented to in writing by Advantage Funding. In the event that the Debtor receives an offer from a buyer to purchase the AF Vehicle Collateral for less than the AF Minimum Release Price, the Debtor may present such offer to

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Advantage Funding's counsel, Sean A. Gordon, in writing for consideration, and Advantage Funding shall have five (5) business days to either accept or reject the offer. If Advantage Funding rejects or fails to respond to such offer within five (5) business days, the Debtor may file an emergency motion to sell the AF Vehicle Collateral, which the Court may hear on an expedited basis following three (3) business days' notice to Advantage Funding and opportunity to object. Advantage Funding acknowledges and agrees that any net sale proceeds in excess of the Minimum Release Price shall inure to the benefit of the Debtor's estate and shall not be subject to Advantage Funding's asserted lien upon the AF Vehicle Collateral and proceeds thereof. Unless otherwise consented to in writing by Advantage Funding, if the AF Vehicle Collateral is sold in an amount that is equal to or greater than Minimum Release Price, the Debtor's right to surcharge the AF Vehicle Collateral under Section 506(c) shall be deemed forever waived. Any sale of the AF Vehicle Collateral for less than the Minimum Release Price shall be subject to the rights of Advantage Funding to credit bid pursuant to 11 U.S.C. § 363(k), which are expressly reserved.

b. **TCF Vehicles**. The Debtor is authorized, but not directed, to sell the two Financed Vehicles (the "**TCF Vehicles**") for which the Lender is TCF National Bank ("**TCF**") without obtaining TCF's prior approval only if TCF will receive $40,000.00 in net sale proceeds as to each Financed Vehicle or $80,000.00 for both vehicles after deducting all fees and any applicable surcharges under 11 U.S.C. § 506(c) (the "**TCF Minimum Release Price**"). In the event that the Debtor receives an offer from a buyer to purchase either of the TCF Vehicles

for less than the TCF Minimum Release Price, the Debtor may present such offer to TCF's counsel, Arthur A. Ebbs, in writing for consideration, and TCF shall have five (5) business days to either accept or reject the offer. If TCF does not accept or reject such offer, it shall be deemed accepted by TCF, and Debtor may sell either of the TCF Vehicles if the proposed sales price is for no less than fair market value.

c. **BFG Vehicle**. The Debtor is authorized, but not directed, to sell one (1) 2017 Ford Transit 250 VIN#1FDYR2CM4HKB43273 (the "**BFG Vehicle**"), financed by BFG Corporation d/b/a Byline Financial Group, successor in interest to Blue Bridge Financial, LLC ("**BFG**"), without obtaining BFG's prior approval provided BFG receives net proceeds of $45,000.00 after deducting all fees, expenses, costs, and any applicable surcharges under 11 U.S.C. § 506(c) (the "**BFG Minimum Release Price**"). In the event that the Debtor receives an offer from a buyer to purchase the BFG Vehicle for less than the BFG Minimum Release Price ("**Best Offer**"), the Debtor may present such offer to BFG's counsel, Deborah S. Ashen, in writing for consideration, and BFG shall have five (5) business days to either accept or reject the same. If BFG does not accept or reject the Best Offer, provided the Best Offer is not less than Fair Market Value for the BFG Vehicle (as defined herein), the Best Offer shall be deemed accepted by BFG, and Debtor may sell the BFG Vehicle for the amount of the Best Offer. The Fair Market Value of the BFG Vehicle shall be defined as the price obtainable for the BFG Vehicle in an arm's length sale between informed and willing parties, neither under compulsion to contract, for the sale

of the BFG Vehicle utilizing the assumption that the BFG Vehicle is operational. Debtor acknowledges and agrees that any net sale proceeds in excess of the BFG Minimum Release Price shall inure to the benefit of BFG up to the amount of BFG's claim. Any sale of the BFG Vehicle shall be on an "as is" and "where is" basis, without any representations or warranties, including but not limited to any warranties of merchantability or fitness for a particular purpose.

4. Within 14 days of any sale pursuant to this Order, the Debtor shall file a report of sale with the Court indicating (a) the Vehicle sold, (b) the buyer of such Vehicle, and (c) the amount of proceeds received in exchange for each Vehicle sold.

5. With respect to the Financed Vehicles, including without limitation the AF Vehicle Collateral, the TCF Vehicles, and the BFG Vehicle, any valid lien or security interest held by any party shall attach to the proceeds received in exchange for any such Vehicle, except as otherwise provided herein.

6. Except as otherwise set forth above, the Court makes no determination at this time regarding any surcharge of collateral pursuant to section 506(c) of the Bankruptcy Code, and all parties' rights with respect thereto are preserved.

7. The Debtor is authorized to take all actions and to execute and deliver all documents and instruments necessary to implement the relief granted in this Order.

8. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived, and this Order shall be effective immediately upon entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN & KLEIN, LLC**

<u>/s/ Benjamin R. Keck</u>
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Century Plaza I
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
*Attorneys for the Debtor*

**Consented to by:**

<u>/s/ Sean A. Gordon</u>
Sean A. Gordon
Georgia Bar No. 777350
**THOMPSON HINE LLP**
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326
Telephone: 404-541-2900
Facsimile:  404-541-2905
*Attorneys for Advantage Funding Commercial Capital Corp.*

**Consented to by:**

<u>/s/ Arthur A. Ebbs</u>
Arthur A. Ebbs
Georgia Bar No. 416181
Womble Bond Dickinson (US) LLP
Atlantic Station
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017
d: 404-888-7453
e: Arthur.Ebbs@wbd-us.com
*Attorneys for TCF National Bank*

**Consented to by:**

*/s/ Deborah S. Ashen*
Deborah S. Ashen
Illinois Bar Number 6200415
Ashen/Faulkner
217 N. Jefferson Street
Suite 601
Chicago, IL 60661
Direct Dial:  (312) 506-4516
E-mail:  dsa@ashenlaw.com
General Office:  (312) 655-0800
Fax#: (312) 655-0801
*Attorneys for BFG Corporation
d/b/a Byline Financial Group*

## Distribution List

Benjamin R. Keck
Century Plaza I
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329

David S. Weidenbaum
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Sean A. Gordon
THOMPSON HINE LLP
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326

Arthur A. Ebbs
Womble Bond Dickinson (US) LLP
Atlantic Station
271 17th Street, NW, Suite 2400
Atlanta, GA 30363-1017

Deborah S. Ashen
Ashen/Faulkner
217 N. Jefferson Street
Suite 601
Chicago, IL 60661